McQUEEN v. TRUST CO.

---

DONALD A. McQUEEN, LEGATEE AND BENEFICIARY UNDER THE WILL OF MARGARET McARTHUR, DECEASED; DONALD A. McQUEEN AND WIFE, BLANCHE R. McQUEEN, INDIVIDUALLY; ELIZABETH McARTHUR GORE; ARTHUR D. GORE, JR.; A. D. GORE, SR.; CAROLYN McQUEEN BAKER AND HUSBAND, W. W. BAKER; MARGARET McQUEEN THORNTON; ALEXANDER McQUEEN; ADAM McARTHUR; LOUISE McARTHUR HERNDON AND HUSBAND, WILLIAM HERNDON; MARGARET MARSH McARTHUR; MARGARET McARTHUR, BY HER NEXT FRIEND, E. MAURICE BRASWELL; SARAH McARTHUR WEISIGER AND HUSBAND, JESSE WEISIGER; ELIZABETH N. MALLORY AND HUSBAND, ROSWELL MALLORY; CHARLES N. McARTHUR AND WIFE, NELL McARTHUR; CHARLES N. McARTHUR III, BY HIS NEXT FRIEND, E. MAURICE BRASWELL; ANNE BYRD McARTHUR MEREDITH AND HUSBAND, DAVID S. MEREDITH, v. BRANCH BANKING & TRUST COMPANY, A NORTH CAROLINA CORPORATION, W. E. McARTHUR, N. H. McGEACHY, JR., KATE McARTHUR McGEACHY, TRUSTEE UNDER THE WILL OF MARGARET McARTHUR, DECEASED; W. E. McARTHUR AND WIFE, BESSIE McARTHUR; NEILL McQUEEN; N. H. McGEACHY, JR.; CATHERINE McG. WARD AND HUSBAND, HERMAN WARD; N. H. McGEACHY, SR., AND WIFE, KATE McA. McGEACHY; A. G. McARTHUR, ADMINISTRATOR C. T. A. OF D. W. McARTHUR, DECEASED; NELLIE McARTHUR; D. W. McARTHUR, JR., AND WIFE, SUSAN McARTHUR; A. G. McARTHUR AND WIFE, MABLE McARTHUR; NEILL McARTHUR AND WIFE, FRANCES McARTHUR; MARY McARTHUR EWING AND HUSBAND, W. E. EWING.

(Filed 1 February, 1952.)

**Wills § 33h—**

A devise in trust for a period of twenty-five years from the date of testatrix' death with discretionary power to the trustees to use the income of a part of the *corpus* to aid designated beneficiaries, with further provision that upon the expiration of the trust period the *corpus* of the trust be distributed to named beneficiaries *in esse* in stated proportions, *held* not to violate the rule against perpetuities, since the beneficial interests vest in the ultimate takers immediately upon the death of testatrix.

APPEAL by plaintiffs and defendants from *Williams, J.,* May Term, 1951, CUMBERLAND. Reversed.

This is a companion case to *McQueen v. Trust Co., ante,* p. 737. It involves the will of Margaret McArthur, sister of the testatrix in the other case and life tenant under her will. The facts, including the wording of the will, the creation of the trust, the beneficiaries of the trust and the proportions they are to receive are substantially the same, except that in this case the life tenant of the property devised in trust predeceased the testatrix, the devise to the beneficiaries is more direct and specific, the powers of the trustees are spelled out in more detail, and the trustees are vested with discretionary authority to use so much of the income of the trust as they may deem necessary for the benefit of needy relatives, and "servants who have been regularly employed by my family or me." There are directions as to how this last provision shall be executed. The indefiniteness of those to be aided is not at issue.

There is no specific requirement that the income be distributed during the continuance of the trust. Instead, the will, in Item Fifth (e) (6), authorizes the trustees "To make any distributions or divisions of income or principal hereunder wholly or partially in kind or in cash as my said Trustees may elect, and in every such distribution or division my said Trustees' determination of values shall be binding and conclusive upon all interested parties."

Item Fifth (g) is as follows:

"This Trust shall continue for a period of twenty-five (25) years from the date of my death, and at the expiration of the said 25 years, the Trust shall terminate and the entire principal and all accumulations of income is hereby given and shall be distributed to the following of my nephews and nieces, grandnephews and grandnieces, their heirs, legal representatives or assigns, each of whom shall receive an undivided interest therein as follows:" (Beneficiaries here named and the proportion they are to take is set opposite their respective names.)

Judgment was entered as in the Annie McArthur will case, *ante,* p. 737. Both plaintiffs and defendants appealed.

*N. H. Person, Malcolm McQueen, Clark & Clark,* and *Robert H. Dye* for plaintiffs.

*McLean & Stacy* for W. E. McArthur and wife, Bessie McArthur, and W. E. McArthur, as Trustee.

*N. H. McGeachey, Jr.,* and *Nance & Barrington* for other defendants named.

BARNHILL, J. In the will here under consideration there is a direct and unequivocal gift of the trust property to the named beneficiaries who were persons then in being. They are to receive their respective shares at the expiration of the twenty-five year period, freed of the trust pro-

visions. The will creates no future interest. Hence *McQueen v. Banking & Trust Co., ante,* p. 737, is controlling here. What is there said requires a reversal of the judgment entered in the court below.

The disposition made of the appeal by defendants renders academic the question raised by plaintiffs on their appeal.

Reversed.